[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11750
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00159-RWS


LINDSEY MORGAN CRAMER,

Plaintiff-Appellant,

versus

BOJANGLES' RESTAURANTS, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2012)


Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Lindsey Cramer appeals the summary judgment in favor of her former employer, Bojangles' Restaurants, Inc., and against her complaint of sexual harassment in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2(a)(1), and of violations of Georgia law. Cramer argues that she established a prima facie case of sexual harassment by a co-worker; she was constructively discharged; and Bojangles ratified the tortious conduct of Cramer's co-worker and was negligent in supervising and retaining the co-worker. We affirm.

Cramer failed to prove that Bojangles knew that Cramer had been sexually harassed by a co-worker or failed to take prompt remedial action after learning of the harassment. See Nurse "Be" v. Columbia Palms W. Hosp. Ltd., 490 F.3d 1302, 1309 (11th Cir. 2007); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir. 2002). Bojangles had an antidiscrimination policy that required its employees to report any alleged sexual harassment to the Area Director, the Regional Vice President, or the Human Resources Department through its harassment hotline. Although Cramer signed a copy of the harassment policy, she failed to use the channels provided in the policy to complain about the graphic and lewd sexual statements that her co-worker, Fernando Funez, allegedly made on five occasions. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1300 (11th Cir. 2000); Coates v. Sundor Brands, Inc., 164 F.3d 1361, 1364, 1366 (11th

2

Cir. 1999).  Instead, Cramer complained to her immediate supervisor, Sajad Akhtar, about Funez's "nasty" statements.  When Cramer took the advice of an assistant manager and used the harassment hotline to report a sixth incident in which Funez allegedly touched Cramer's genital area, Bojangles took "reasonable and prompt corrective action" to end the harassment.  Nurse "Be", 490 F.3d at 1309.  Within three hours of Cramer's call, the Area Director attempted unsuccessfully to contact Cramer.  In the next two weeks, Bojangles suspended Funez, investigated Cramer's complaint, and fired Funez.

Cramer also failed to prove that she was constructively discharged.  An employee suffers a constructive discharge when her working conditions are so intolerable that a reasonable person would feel compelled to resign.  Kilgore v. Thompson & Brock Mgmt., Inc., 93 F.3d 752, 754 (11th Cir. 1996).  Nevertheless, "[a] constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation."  Id.  Cramer failed to notify Bojangles of Funez's improper statements, and she resigned before reporting the alleged sexual harassment through the Bojangles harassment hotline.  After she resigned, Cramer would not participate in Bojangles's investigation and never responded to Bojangles's unconditional offer of reemployment.  Cramer refused to give Bojangles an opportunity to correct the situation.

Cramer also cannot prevail on her claims under Georgia law. Cramer alleged that Bojangles ratified the assault, battery, false imprisonment, and invasion of privacy committed by Funez, but Cramer failed to present any "evidence that [Funez's] conduct was done in furtherance of [Bojangles's] business and within the scope of [his] employment." Hankerson v. Hammett, 647 S.E.2d 319, 323 (Ga. Ct. App. 2007) (internal quotation marks omitted). Although Cramer alleged that Bojangles was negligent in supervising or retaining Funez, Cramer failed to "establish that [Bojangles] reasonably knew or should have known of [Funez's] 'tendencies' to engage in [sexual harassment]." Munroe v. Universal Health Servs., Inc., 596 S.E.2d 604, 606 (Ga. 2004). And Cramer could not recover for the alleged "physiological and psychological effects" of the sexual harassment because "[a] claim for emotional distress caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury." Travis Pruitt & Assocs., P.C. v. Hooper, 625 S.E.2d 445, 450 (Ga. Ct. App. 2005). Because Cramer did not have a viable claim under state law and presented no evidence that Bojangles acted in bad faith or was stubbornly litigious, Cramer could not recover punitive damages or recoup her expenses of litigation. See Benefit Support, Inc. v. Hall Cnty., 637 S.E.2d 763, 771 (Ga. Ct. App. 2006); Tower Fin. Servs., Inc. v. Smith, 423 S.E.2d 257, 264 (Ga. Ct. App.1992).

We **AFFIRM** the summary judgment in favor of Bojangles' Restaurants.

4